## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

**ON THE RECORD, INC**                                    **CIVIL ACTION**

**VERSUS**                                                **NUMBER 06-8489**

**STATE FARM FIRE AND CASUALTY**                          **SECTION: "C"**
**COMPANY**

<u>ORDER</u>

Before the Court is a Joint Motion to Remand (Rec. Doc. 5).  In this motion, both parties

agrees that the matter should be remanded, however, they do not state a reason for such

agreement.  The parties may neither consent to nor waive federal subject matter jurisdiction.

*Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999).  However, "if at any time before

final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

remanded."  28 U.S.C. § 1447(c).  In this case, the court has already questioned the existence of

subject matter jurisdiction, specifically, whether the jurisdictional minimum was met.  See, Rec.

Doc. 4.  To remain in federal court, the removing parties must prove by a preponderance of the

evidence that the jurisdictional minimum exists. *Asociacion Nacional De Pescadores A Pequena*

*Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Dolombia, S.A.*, 988 F.2d 559

(5th Cir. 1993), *cert. denied*, 114 S.Ct. 685 (1994).  The defendant has not done this, but rather

has joined in a motion to remand.  Thus, the Court concludes that the jurisdictional minimum has

not been bet.

In addition, this Court has held that the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. § 1369 ("MMTJA") does not provide a basis for subject matter jurisdiction under these circumstances.  *Fidelity Homestead Ass'n. v. The Hanover Insurance Co.* 2006 WL 2873563 (E.D.La.).

Based on the record and the law, the Court finds that the defendant has not established subject matter jurisdiction.  In addition, the Court is mindful that removal jurisdiction is strictly construed.  See, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, § 3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, § 3739.

IT IS ORDERED that this matter be and hereby is **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana for lack of jurisdiction under 28 U.S.C. §  1147(c).

New Orleans, Louisiana, this 14th day of November, 2006.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE